UTU SAMUELU of Amouli, Plaintiff

v.

TU'ITU'I of Amouli, Defendant

No. 22-1945

High Court of American Samoa

Civil Jurisdiction, Trial Division

[Matai Name: 'Gogo" of Amouli]

March 6, 1945

C. G. WYCHE, *Chief Justice;* MALEPEAI, *District Judge;* and PULETU, *District Judge.*

ORDER

On the 8th day of November 1944, Tu'itu'i of Amouli village, filed his application with the Attorney General of American Samoa to register the matai name "Gogo". Due notice of his application was posted on the bulletin board for a period of 30 days as required by law. On 6 December

1944, Utu Samuelu, filed his objection to the registration of this name by Tu'itu'i. The case was called for trial before the High Court of American Samoa on 6 March 1945.

The evidence shows that in November 1906 one, Tinia, registered the matai name "Gogo" in the village of Amouli. Tinia held this title until his death, May 25, 1942. It therefore appears that there is a vacancy in this title in the village of Amouli which should be filled by some person selected by the Gogo family.

 Utu of Amouli village who has objected to the registration of this name by Tu'itu'i testified on the witness stand that he was not an applicant for this name himself but that he only appeared for the purpose of objecting to the registration of the name Gogo by the applicant Tu'itu'i. Therefore, the only question to be decided by this court is whether or not the applicant Tu'itu'i of Amouli is eligible and qualified to hold this name under the law as it is now written. It appears from the testimony that the majority of the members of the Gogo family are in favor of Tu'itu'i registering this name. However, that does not qualify him unless he can meet the other requirements of the law. Section 81, paragraph 1, subsection D, of the Codification of the Regulations and Orders for the Government of American Samoa provides that an applicant for a matai title "must be a descendant of a Samoan family and chosen by his family for the title." The court holds that the words "chosen by his family for the title" means that the applicant must be a direct blood descendant of the family who holds the title in question. If an objection is made, one outside of the family cannot be registered to hold the matai name of that family.

The undisputed proof in this case shows that the applicant Tu'itu'i of Amouli is not a descendant by blood from the Gogo family.

185

Section 79, paragraph 4A, subsection 3 provides that the High Court shall be guided by "The best hereditary right in which the male and female descendants shall be equal in the family where this has been customary, otherwise, the male descendant shall prevail."

In the case now in consideration the applicant has no hereditary right because neither his father nor his mother was a member of the Gogo family.

It is contended by Tu'itu'i of Amouli that his father at one time held the title Gogo by reason of the fact that his first wife was a member of that family. Proof is not sufficient to sustain this contention. Even if it were true that his father at one time held the title by reason of being the husband of a member of the family that would not qualify Tu'itu'i, unless, he himself were a descendant from the Gogo family.

A vacancy in the Gogo title in the village of Amouli now exists and it should be filled by the Gogo family. Now therefore,

IT IS ORDERED, ADJUDGED AND DECREED that the application of Tu'itu'i of Amouli to register the matai name Gogo be and the same is hereby denied.

IT IS FURTHER ORDERED, ADJUDGED AND DE-CREED that the cost be fixed in the sum of thirty dollars ($30.00), five dollars of which is to be paid to Saipale for his service as interpreter. One-half of the cost shall be paid by Utu Samuelu and one-half shall be paid by Tu'itu'i.

IT IS FURTHER ORDERED, ADJUDGED AND DE-CREED that a certified copy of this order be delivered to the Attorney General of American Samoa.